**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4989

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RHAMAL LAMAHR LEWIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:03-cr-00044-BO)

Submitted: January 9, 2008          Decided: April 17, 2008

Before MOTZ and SHEDD, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rhamal Lamahr Lewis appealed his jury convictions of possession with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1999) (Count One); possession of a firearm in furtherance of the drug trafficking crime charged in Count One, in violation of 18 U.S.C.A. § 924(c)(1)(A) (West 2000 & Supp. 2007 (Count Two); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000), 18 U.S.C.A. § 924 (West 2000 & Supp. 2007) (Count Three). Lewis also pled guilty to a second count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000), 18 U.S.C.A. § 924 (West 2000 & Supp. 2007) (Count Four). He was sentenced to life plus sixty years' imprisonment. For the reasons that follow, we affirm.

Lewis first challenges the district court's decision to limit his cross-examination of Detective Marshburn regarding the confidential informant. A district court's decision to limit cross-examination is reviewed for abuse of discretion. United States v. Scheetz, 293 F.3d 175, 184 (4th Cir. 2002). The Confrontation Clause does not guarantee counsel the right to unfettered, unlimited cross-examination, nor does it prevent a trial judge from imposing reasonable limits on cross-examination based upon concerns about harassment, prejudice, confusion of the

issues, witness safety, repetition, or relevance.  <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 679 (1986).

We find Lewis's first challenge without merit.  Because the confidential informant did not testify, his credibility was not at issue.  <u>See</u> <u>United States v. Sanchez</u>, 118 F.3d 192, 196-97 (4th Cir. 1997).  Lewis did not challenge the validity of the search warrant.  Nor was he charged with the sale to the confidential informant, and the district court specifically instructed the jury that "[t]he defendant is not on trial for any other act or any other conduct or offense not specifically alleged in the indictment."  While the marked twenty dollar bill acquired by Lewis from the informant provided some proof of Lewis's knowledge and intent to distribute the 53.6 grams of crack discovered in his vacuum cleaner, the testimony regarding the marking and discovery of the bill was provided by the detective, who was fully subject to cross-examination.  For these reasons, we find the district court did not abuse its discretion in restricting the cross-examination of Detective Marshburn regarding the observations and actions of the confidential informant.

Next, Lewis argues the district court erred in failing to suppress statements he made in the bedroom of his apartment, regarding his sole occupancy and ownership of the apartment's contents, without the benefit of <u>Miranda</u>[*] warnings.  We find the

---

[*]<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

district court did not err in distinguishing United States v. Parker, 262 F.3d 415, 419 (4th Cir. 2001), and in determining that the circumstances at 104 Seawell Avenue were sufficiently custodial to necessitate Miranda warnings prior to the questioning of any potential suspects. Nevertheless, we conclude the district court's erroneous admission of Lewis's statement about occupancy and ownership was harmless. See Fed. R. Crim. P. 52(a); United States v. Stokes, 261 F.3d 496, 499 (4th Cir. 2001). The Government's evidence at trial overwhelmingly established Lewis's possession of the gun and the crack cocaine discovered in the vacuum cleaner.

Finally, Lewis argues the court's jury instruction regarding evidence of prior bad acts was erroneous. Because there was no objection to the instruction during trial, we review the claim only for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993).

Evidence of prior bad acts is not admissible to prove bad character or criminal propensity, but such evidence is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See Fed. R. Evid. 404(b); United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997). Such evidence is admissible only when it is: (1) relevant to an issue other than the general character of the defendant, (2) necessary, (3) reliable, and (4) the probative value of the

evidence is not substantially outweighed by its prejudicial value. Queen, 132 F.3d at 997.

Consistent with the pretrial notice, the Government introduced at trial evidence of Lewis's other bad acts under Rule 404(b). We find Lewis has failed to demonstrate that the district court's jury instruction was erroneous, let alone plainly so. At issue in the trial was Lewis's knowledge and intent with respect to the gun and drugs discovered in the vacuum cleaner of his apartment. Evidence of prior drug sales was admissible under Rule 404(b) to prove Lewis's knowledge and intent. See United States v. Mark, 943 F.2d 444, 448 (4th Cir. 1991). The district court's instruction that evidence of prior similar conduct was offered to show Lewis's "familiarity with the drug business" referred to Lewis's knowledge and intent regarding crack distribution, rather than to some general propensity for criminal conduct.

Accordingly, we affirm Lewis's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED